IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREDERICK W. SMITH, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-1779-RGA |
| ERIKA JOHNSON, et al., | : |
| Defendants. | : |

---

Frederick W. Smith, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 17, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Frederick W. Smith, Jr., an inmate at Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff was not incarcerated when he commenced this action. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 7). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that Defendants violated his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and the Fourteenth Amendment for harassment, discrimination, due process and equal protection violations, and mental anguish because Plaintiff is mentally ill. (D.I. 2 at 3).

In November 1993, Plaintiff was convicted following a jury trial in the Delaware Superior Court of various sexual assault crimes in connection with an incident of domestic violence. *See Smith v. Delaware*, 624 F. App'x 788, 789 (3d Cir. 2015); *In the Matter of the Petition of Frederick W. Smith*, 2011 WL 880849, 15 A.3d 218 (Del. 2011) (table). He was sentenced to a term of imprisonment of 36 years at Level 5, suspended after 32 years with probation to follow. (D.I. 4-1 at 148).

In May 2020 while incarcerated at the James T. Vaughn Correctional Center, Plaintiff was contacted about the prison release process. (D.I. 2 at 4). Months later, Plaintiff was told that Defendant Delaware Probation Officer Erika Johnson had visited

Plaintiff's parents' home and approved the home as a place for Plaintiff to reside upon his release. (*Id*. at 5). On October 14, 2020, Plaintiff told Probation and Parole Unit Supervisor Michelle Burgess that his "alleged victim" lived two or three blocks down the street from his parents' home, and Burgess stated that Johnson did not care and allowed Plaintiff to reside with his parents. (*Id*). Plaintiff was released from prison on October 25, 2020. (*Id*.). He registered with the State Police as an "alleged sex offender." (*Id*.).

Plaintiff alleges that on November 27, 2020 (and often), Defendant Wilmington Detective James Tobin and Johnson kept harassing Plaintiff to move from his parents' home without Plaintiff violating probation supervision because he received approval to reside with his parents. (*Id.* at 6). Johnson wanted Plaintiff to contact Tobin to provide an update when Plaintiff could move from his parents' home. (*Id*.). Plaintiff alleges that Defendants kept harassing him and telling him that they would have him arrested if he did not move from his parents' home when he is "not supposed to have any police contact and no other probation person or parolee have to move out of their approved residence and this is the harassment and discrimination." (*Id*.). Plaintiff states that he is in compliance with his sentencing order. He seeks $30 million dollars from each Defendant. (*Id*. at 20).

Plaintiff also filed a motion for protection from abuse and for a federal restraining order against Defendants. (D.I. 5). The one page motion states that Plaintiff fears for his life because of Defendants' continued harassment and discrimination and they continue to force him to move from his registered residence that was approved by the Attorney General of the State of Delaware. (*Id*.). On March 23, 2021, the Court

received a letter from Plaintiff indicating that he was "violated" by one of the defendants due to retaliation of his civil rights suit against them (D.I. 10), but he does not identify the defendant and provides no other facts other than the conclusory statement.

**LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020. "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**DISCUSSION**

The Complaint will be dismissed. Plaintiff alleges that Defendants harassed and threatened him. However, mere threatening language and harassment does not

amount to a constitutional violation. *See Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (stating that not every unpleasant experience a prisoner faces, like verbal abuse or harassment, constitutes cruel and unusual punishment); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983) (noting that mere threats and gestures do not amount to constitutional violations). Moreover, Plaintiff's allegation that his parole officer threatened to revoke his probation does not state a claim under the Civil Rights Act. *See Myers v. Bendus*, 343 F. Supp. 370, 372 (E.D. Pa. 1972); *see also, U. S. ex rel. Smith v. Heil*, 308 F. Supp. 1063, 1067 (E.D. Pa. 1970) (probation officer empowered to arrest parolees for violation of parole not 'in a position' to revoke plaintiff's parole on own motion and bare threat, without more, does not state a claim).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's motion for protection from abuse and for a federal restraining order (D.I. 5); and (2) dismiss the Amended Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order will be entered.